**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BEHROUZ KAHLILY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No.** |
| CHICAGO POLICE OFFICER, R. FRANCIS, Star ) | 08cv1515 |
| #5276, CITY OF CHICAGO, Illinois Municipal ) | RECEIVED: 03/13/08  AEE |
| Corporation, ) | JUDGE KENDALL |
| ) | MAG. JUDGE ASHMAN |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Behrouz Kahily, by and through his attorney, Dennis Both, and

complaining of the Defendant states as follows.

## PRODUCTION

1.      This action is brought pursuant to 42 USC Section 1983 to redress the deprivation

under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction of this matter pursuant to 28 USC Section 1331 and 28

USC Section 1367.

3.      Venue is proper under 28 USC Section 1391(b), as all of the parties reside in this

judicial district and the events giving rise to the claims asserted herein all occurred within the

district.

## FACTS COMMON TO ALL COUNTS

4.      Plaintiff, Behrouz Kahily, is a 59 year-old adult resident of the City of Chicago,

self-employed as a taxi driver.

5.     Defendant, R. Francis, Star # 5276, is employed as a police officer with the City of Chicago and is sued in his individual capacity.

6.     Defendant, the City of Chicago, is an Illinois Municipal Corporation and the employer of co-Defendant Francis.

7.     On or about April 11, 2007, the Plaintiff was driving his taxicab westbound on Lawrence Avenue at approximately 2:00 a.m.  As Plaintiff reached the intersection of Lawrence and Damen, he activated his left directional signal and proceeded into the left turn lane, and on a green light made a left hand turn to proceed southbound onto Damen Avenue.

8.     Despite the fact that the Plaintiff had committed no crime or traffic offense, immediately after turning southbound onto Damen, the Defendant Francis drove his squad roll behind the Plaintiff, activated his emergency lights, and pulled the Plaintiff over.

9.     Upon being approached, the Plaintiff recognized Officer Francis as a police officer who has repeatedly harassed the Plaintiff and issued the Plaintiff citations when the officer had no probable cause to believe that the Plaintiff had committed any offense.

10.    Upon approaching the Plaintiff's window, Defendant Francis demanded production of his driver's license.

11.    The Plaintiff advised the Defendant that his driver's license was kept in a handbag in the trunk of the taxi and the Plaintiff and Defendant Francis walked to the trunk where the Plaintiff retrieved his license, at which point the Plaintiff inquired as to why he had been stopped and why the Defendant always harasses him.

12.    In response, Defendant Francis grabbed the Plaintiff by the left arm, twisting the same behind the Plaintiff's back and handcuffed the Plaintiff and as Plaintiff cried our in pain the

Defendant deliberately squeezed the handcuffs harder causing further pain and injury and placed the Plaintiff into the squad roll.

13.    Defendant Francis refused to allow the Plaintiff to retrieve his cell phone, keys, and money from the taxi and the Plaintiff was forced to leave the taxi as it sat, unsecure and running.

14.    The Plaintiff was driven to the 19th District, handcuffed to a wall, and eventually issued traffic citations for traffic offenses, when he had committed no offense.

15.    And after the Defendant Francis issued the citations, he continued to detain the Plaintiff at the police station by refusing to return the Plaintiff's car keys.

16.    The Plaintiff was then released to make his own way back to his vehicle, which the Defendant Francis left on the street and unsecured.

17.    When the Plaintiff returned to his vehicle, all of his money and his cell phone were missing.

**Count I**
**Excessive Force**

18.    Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 18 as if fully set forth herein.

19.    The actions described in the preceding paragraphs were taken by Defendant Francis while acting under color of law.

20.    The actions of the Defendant Francis and abusing the Plaintiff were objectively unreasonable and the force used by Defendant Francis was objectively unreasonable and excessive and the use of force was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

21.     As a direct and proximate result of the actions of Defendant Francis, the Plaintiff's 4th and 14th Amendment rights were violated.

22.     As a direct and proximate result of Defendant Francis' unjustified and excessive use of force, the Plaintiff suffered physical injury, soreness, bruising, pain, mental suffering, anguish, and humiliation, a loss of property and of personal freedom, and has incurred medical and legal expenses.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against the Defendant Francis in an amount that will adequately compensate the Plaintiff for his losses, plus punitive damages, cost of this action, and attorneys' fees.

## Count II
## False Arrest

23.     Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 23 as if fully set forth herein.

24.     The action of the Defendant Francis in stopping the Plaintiff, arresting him, and detaining him, were all taken without probable cause or legal justification.

25.     Citations issued to the Plaintiff were dismissed in a manner indicative of his innocence.

26.     The action of the Defendant Francis in falsely arresting and detaining the Plaintiff are directly and proximately a violation of the Plaintiff's 4th and 14th Amendment rights and caused injury to the Plaintiff including mental pain and suffering, anguish, and humiliation.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against the Defendant Francis in an amount that will adequately compensate the Plaintiff for his losses, plus punitive damages, costs of this action, and attorneys' fees.

## Count III

**Violation of Property Rights**

27.    Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 27 as if fully set forth herein.

28.    Defendant Francis either removed Plaintiff's money and cell phone from his taxi, or caused or permitted the same to be removed from the Plaintiff's vehicle through the Defendant Francis' willful disregard of the Plaintiff's property and the actions of Defendant Francis caused the loss or destruction of the Plaintiff's property without just compensation.

29.    The actions of Defendant Francis directly and proximately caused violation of the Plaintiff's 5th and 14th Amendment rights, and caused economic and property damages.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against the Defendant Francis in an amount that will adequately compensate the Plaintiff for his losses, plus punitive damages, cost of this action, and attorneys' fees.

**Count IV**
**Equal Protection**

30.    Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 30 as if fully set forth herein.

31.    The actions of the Defendant Francis were motivated by wholly, illegitimate animus toward the Plaintiff.

32.    The Defendant Francis had no legitimate governmental interest in stopping, detaining, or citing the Plaintiff and those actions were motivated out of personal animosity toward the Plaintiff.

33.    The Defendant Francis does not treat similarly situated motorists or taxi drivers with the same animus.

34.     There is no rational distinction between the Plaintiff and other similarly situated law-abiding motorists, and/or taxi drivers, but the Plaintiff has been intentionally treated differently from them.

35.     The Plaintiff is in a class of one, and as such, vulnerable to the whims and harassment of the Defendant Francis.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against the Defendant Francis in an amount that will adequately compensate the Plaintiff for his losses, plus punitive damages, cost of this action, and attorneys' fees.

**Count V**
**Intentional Infliction of Emotional Distress**

36.     Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 36 as if fully set forth herein.

37.     The actions of the Defendant Francis were extreme and outrageous and committed with malice and done willfully and wantonly.

38.     As a direct and proximate result of the actions of the Defendant Francis, the Plaintiff was caused severe anxiety and emotional distress.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against the Defendant Francis in an amount that will adequately compensate the Plaintiff for his losses, plus punitive damages, cost of this action, and attorneys' fees.

**Count VI**
**State Law Claim**
**Battery**

39.     Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 39 as if fully set forth herein.

40.     As described more fully the preceding paragraphs, the actions of the Defendant Francis constituted offensive physical contact.

41.     The Defendant Francis' actions were intentional and without legal justification and caused physical harm to the Plaintiff.

42.     The actions of the Defendant Francis were taken in the course and in the scope of his employment as a police officer.

43.     The actions of the Defendant were taken with malice, willfulness, and reckless indifference to the Plaintiff's rights.

44.     The actions of the Defendant Francis were undertaken as an agent of the co-Defendant, the City of Chicago.

45.     As a result of the offensive, unjustified touching, the Plaintiff suffered physical injuries and emotional distress.

WHEREFORE, the Plaintiff prays this Honorable Court enter judgment in his favor and against the Defendant Francis for compensatory damages, punitive damages, costs and attorney's fees.

### Count VII

46.     Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 46 as if fully set forth herein.

47.     After arresting the Plaintiff the Defendant Francis had a duty to secure the Plaintiff's taxi and personal property and to refrain from acting willfully, wantonly and maliciously with regard to the security of the Plaintiff's personal property.

48.     The Defendant Francis breached the aforedescribed duty when he willfully, wantonly and with utter disregard for the property rights of the Plaintiff left the taxi and its

contents on the side of the road unsecured and refused to allow the Plaintiff to secure the same or to take his personal property.  As a direct and proximate result of the aforedescribed willful and malicious acts the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff prays this Honorable Court enter a judgment in his favor and against Defendant Francis in an amount that will adequately compensate him for his losses plus punitive damages, costs of the action and attorneys' fees.

### Count VIII
### State Law Claim
### Respondent Superior

49.    Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 49 as if fully set forth herein.

50.    In committing the acts alleged in Counts V and VII, the Defendant Francis was a member and agent of the Chicago Police Department acting within the scope of his employment.

51.    The co-Defendant, the City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, the Plaintiff prays this Honorable Court enter judgment in his favor and against the Defendant the City of Chicago for compensatory damages, costs, and attorney's fees.

### Count IX
### Indemnification

52.    Plaintiff readopts and realleges paragraphs 1 through 17 as paragraph 52 as if fully set forth herein.

53.    Illinois Law provides that governmental entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

54.    The Defendant Francis is an employee of the Chicago Police Department acting within the scope of his employment and committing the misconduct described herein.

WHEREFORE the Plaintiff prays this Honorable Court enter judgment in his favor and against the Defendant, the City of Chicago awarding him compensatory damages, costs, and attorney's fees.

### Jury Demand

The Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,
BEHROUZ KHALILY


BY: ___/s/ Dennis E. Both_____

His Attorney

Dennis E. Both
Brown, Udell & Pomerantz, Ltd.
1332 North Halsted Street, Suite 100
Chicago, Illinois 60622
(312)475-9900
Attorney No. 34089