IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEHROUZ KAHLILY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1515 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| CHICAGO POLICE OFFICER, | ) | Mag. Ashman |
| R. FRANCIS, Star # 5276, CITY OF | ) | |
| CHICAGO, Illinois Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION *INSTANTER* FOR LEAVE TO FILE BELATED MOTION
TO DISMISS AND MEMORANDUM IN SUPPORT**

Defendant, City of Chicago, by and through its attorneys, Mara S. Georges, respectfully moves this Honorable Court for leave to file its Motion To Dismiss Counts III, IV, VII and All Claims of Punitive Damages in Plaintiff's Complaint. In support of this motion, Defendant states as follows.

1. Plaintiff filed his Complaint on March 13, 2008. Officer Francis was killed in the line of duty on July 2, 2008.

2. Defendant City of Chicago requested and was afforded until July 31, 2008, to answer or otherwise plead to Plaintiff's complaint.

3. Defendant City of Chicago has prepared a motion to dismiss and memorandum in support that addresses several claims and an entire basis for relief. The motion is attached hereto as Exhibit A and the memorandum is attached hereto as Exhibit B.

4. Defendant City of Chicago was unable to finalize this motion and memorandum in time for filing on July 31, 2008, due to a summary judgment motion and memorandum due in another case.

5. Defendant City of Chicago respectfully requests leave of Court to file his Motion to Dismiss and Memorandum in Support.

6. This motion has been made to address the pleading set forth by Plaintiff in a manner as to promote the just and efficient resolution of this case. No prejudice will result to Plaintiff by granting this motion and allowing Defendant to file the its Motion to Dismiss and memorandum in support.

WHEREFORE, Defendant respectfully request leave of Court to file its Motion to Dismiss and Memorandum in Support.

DATED: August 6, 2008

                                    Respectfully submitted,

                                    City of Chicago

                                    Mara S. Georges
                                    Corporation Counsel

                                    By: /s/ *Christopher A. Wallace*
                                             Christopher A. Wallace
                                    Assistant Corporation Counsel
                                    *Attorney for Defendant City of Chicago*

                                    City of Chicago Department of Law
                                    30 N. LaSalle Street
                                    Suite 1400
                                    Chicago, Illinois 60602
                                    T: (312) 742-6408
                                    F: (312) 744-6566
                                    ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on August 6, 2008, I caused a copy of the foregoing Motion to be served upon counsel for Plaintiff via the Court's ECF filing system.

/s/ Christopher Wallace
Christopher Wallace

# EXHIBIT A

Case 1:08-cv-01515    Document 14-2    Filed 08/06/2008    Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEHROUZ KAHLILY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1515 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| CHICAGO POLICE OFFICER, | ) | Mag. Ashman |
| R. FRANCIS, Star # 5276, CITY OF | ) | |
| CHICAGO, Illinois Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS COUNTS III, IV and VII OF PLAINTIFF'S COMPLAINT, AND TO DISMISS ALL CLAIMS FOR PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANT FRANCIS**

1. Defendant City of Chicago ("City"), by and through its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully moves this Court, pursuant to Rule 12(b)(6), to dismiss Counts III ("Violation of Property Rights"), IV ("Equal Protection"), and VII (untitled) of Plaintiff's Complaint of the Federal Rules of Civil Procedure for failure to state a claim and to dismiss all claims for punitive damages against Individual Defendant R. Francis ("Officer Francis") because a claim for punitive damages does not survive the death of a defendant.

2. Count III ("Violation of Property Rights") should be dismissed because there has been no Fifth Amendment taking under the facts alleged in Plaintiff's Complaint and Plaintiff has not exhausted state law remedies.

3. Court IV ("Equal Protection") should be dismissed because the equal protection class-of-one theory does not apply to Plantiff's arrest.

4. Count VII should be dismissed because there is no such tort as "willful and wanton" conduct.

5. All claims for punitive damages against Officer Francis should be dismissed because a claim for punitive damages does not survive the death of the Defendant.

6. In support of the instant motion, Defendant has submitted an accompanying Memorandum, which Defendant incorporates hereto this motion.

DATED: August 6, 2008

                                              Respectfully submitted,

                                              City of Chicago

                                              Mara S. Georges
                                              Corporation Counsel

                                    By: /s/ *Christopher A. Wallace*
                                              Christopher A. Wallace
                                              Assistant Corporation Counsel
                                              *Attorney for Defendant City of Chicago*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

# EXHIBIT B

Case 1:08-cv-01515   Document 14-3   Filed 08/06/2008   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEHROUZ KAHLILY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1515 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| CHICAGO POLICE OFFICER, | ) | Mag. Ashman |
| R. FRANCIS, Star # 5276, CITY OF | ) | |
| CHICAGO, Illinois Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS III, IV and VII OF PLAINTIFF'S COMPLAINT, AND TO DISMISS ALL CLAIMS FOR PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANT FRANCIS**

Defendant City of Chicago ("City"), by and through its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully moves this Court, pursuant to Rule 12(b)(6), to dismiss Counts III ("Violation of Property Rights"), IV ("Equal Protection"), and VII (untitled) of Plaintiff's Complaint of the Federal Rules of Civil Procedure for failure to state a claim and to dismiss all claims for punitive damages against Individual Defendant R. Francis ("Officer Francis") because a claim for punitive damages does not survive the death of a defendant.

**STATEMENT OF FACTS**

This lawsuit stems from a traffic stop. Plaintiff filed his Complaint on March 13, 2008, against the City and Officer Francis and alleges on April 11, 2007, at approximately 2:00 a.m., he made a lawful left turn in his taxicab when Officer Francis "drove his squad roll behind the Plaintiff, activated his emergency lights, and pulled the Plaintiff over." (Pl. Cmplt. ¶ 7-8, hereinafter cited as

Docket Entry "D.E." 1). Officer Francis was killed in the line of duty on July 2, 2008, and the record of his death was spread on July 9, 2008. (D.E. 13).

According to Plaintiff, following the retrieval of his driver's license from the trunk of the taxicab, he "inquired as to why he had been stopped and why [Officer Francis] always harasses him." (D.E. 1, ¶ 11). In response, Officer Francis "grabbed" Plaintiff's left arm, twisted it, handcuffed him, and "deliberately squeezed the handcuffs harder" and placed Plaintiff into the squad roll. (D.E. 1, ¶ 12). In his Complaint, Plaintiff alleges he recognized Officer Francis as a police officer who "has repeatedly harassed" Plaintiff and has "issued the Plaintiff citations when the officer had no probable cause to believe that the Plaintiff had committed any offense." (D.E. 1, ¶ 9). Plaintiff alleges Officer Francis "refused to allow the Plaintiff to retrieve his cell phone, keys, and money from the taxi and the Plaintiff was forced to leave the taxi as it sat, unsecure and running." (D.E. 1, ¶ 13). Plaintiff alleges that he was taken to the 019th District [Belmont and Western], handcuffed to a wall, and eventually issued traffic citations for the traffic offenses, when he had committed no offense." (D.E. 1, ¶ 14). Following the issuance of the traffic citations, Plaintiff claims Officer Francis "continued to detain the Plaintiff at the police station by refusing to return the Plaintiff's car keys." (D.E. 1, ¶ 15).[1] Following his release, Plaintiff alleges his money and cell phone were missing. (D.E. 1, ¶¶ 16-17). Plaintiff seeks compensatory damages, punitive damages, costs and attorney's fees in relation to all his claims. (D.E. 1, *passim*)

## SUMMARY OF ARGUMENT

Count III ("Violation of Property Rights") should be dismissed because there has been no Fifth Amendment taking under the facts alleged in Plaintiff's Complaint and Plaintiff has not exhausted state law remedies. Court IV ("Equal Protection") should be dismissed because the equal protection class-of-one theory does not apply to Plantiff's arrest. Count VII should be dismissed

---

[1] It is unclear to what car the keys relate as Plaintiff alleges that his taxi was left "unsecure and running."

because there is no such tort as "willful and wanton" conduct. Finally, all claims for punitive damages against Officer Francis should be dismissed because a claim for punitive damages does not survive the death of the Defendant.

## I. COUNT III (VIOLATION OF PROPERTY RIGHTS) SHOULD BE DISMISSED BECAUSE THERE HAS BEEN NO FIFTH AMENDMENT TAKING

Plaintiff apparently alleges that Officer Francis's conduct constituted a violation of the Takings Clause of the Fifth Amendment because, as Plaintiff contends, "the actions of Defendant Francis caused the loss or destruction of the Plaintiff's property without just compensation." (D.E. 1, ¶ 28) The Fifth Amendment, in relevant part, restrains government from taking a citizen's private property for public use absent just compensation. Plaintiff has not alleged any property was taken for pubic use and instead claims that property was stolen because of Officer Francis's conduct. Simply put, this is not a taking and does not evoke the parameters of the Fifth Amendment Takings Clause. Moreover, Plaintiff has failed to exhaust state law remedies, as is required to set forth a Takings Claim. *See, e.g., Gates v. Towery*, 331 F. Supp. 2d 666, 672 (N.D. Ill. 2004) (J. Castillo); *see also Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D. Ill. 1987) (J. Shadur). Count III should be dismissed.

## II. COUNT IV (EQUAL PROTECTION) SHOULD BE DISMISSED BECAUSE THE EQUAL PROTECTION CLASS-OF-ONE THEORY DOES NOT APPLY TO PLAINTIFF'S ARREST

The class-of-one theory of equal protection liability principally derives from the Supreme Court's *per curiam* decision in *Village of Willowbrook v. Olech* 528 U.S. 562 (2000). The case arose out of a dispute between a property owner and the village over the requirements for an easement. *Olech*, 528 U.S. at 563. The property owners, not members of any suspect class or group, claimed that the village's demand upon them was greater than every other property owner and as such the demand deprived them of the equal protection of the law. *Id.* at 564. The Supreme Court held that an equal protection "class of one" claim may proceed without membership of a class or group where the

"plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564.

Following *Olech*, the Seventh Circuit has struggled to define the precise contours of a class-of-one cause of action. *See, Lauth v. McCollum*, 424 F.3d 631, 632-33 (7th Cir. 2005) (J. Posner); *see also Bell v. Duperrault*, 367 F.3d 703, 709-11 (7th Cir. 2004) (J. Posner concurring) (noting the lack of clarity following the *Olech* decision and the varying lines of authority set forth by the several circuits). In attempting to reign in the potential breadth of the class-of-one claim, the Seventh Circuit established that where a rational or legitimate reason may be hypothesized, an equal protection "class of one" claim fails as a matter of law. *McCollum*, 424 F.3d at 634 (holding that a class-of-one plaintiff must surpass rational scrutiny and negative any reasonably conceivable state of facts that could provide a rational basis for the government action). The complained of action "only fails rational basis scrutiny if no sound reason for the action can be hypothesized." *Id.* at 634. (citations omitted). In stating such, the Seventh Circuit sanctioned the disposal of class-of-one claims in Rule 12(b)(6) motions "[s]ince hypothesis is not proof, this test that we have articulated can often be applied in advance of discovery. *Id.* (citations omitted).

Recognizing the theoretical and practical problems associated with the equal protection class-of-one claim, the Supreme Court recently addressed the class-of-one theory in the public employer context. *See Enquist v. Oregon Dep't of Agriculture*, 128 S.Ct. 2146 (U.S. 2008). In *Enquist*, the Supreme Court reasoned that *Olech* was more an application of the Equal Protection Clause's guarantee of freedom from arbitrary government classification than an exception to the requirement for suspect classification. *See Enquist*, 128 S.Ct. at 2153. The Supreme Court held that the core concerns of the Equal Protection Clause are not implicated in disputes inherently circumscribed by the discretionary exercise of the state's authority to fire an employee. *Id.* at 2153-57 (holding the

4

class-of-one theory does not apply in the public employment context). The reasoning in *Enquist* fully applies to eliminate the application of the class-of-one theory to Plaintiff's case.

The situation the Supreme Court specifically pointed out in ruling that the equal protection class-of-one theory does not apply to the subjective, individualized determinations of state actors in their decision to exercise discretionary authority was the hypothetical arbitrary traffic stop. *See Enquist*, 128 S.Ct. at 2154-55. The Supreme Court made clear that the Constitution envisions differential treatment in the exercise of the discretionary power to search and seize:

> [t]here are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Enquist*, 128 S.Ct. at 2154 (discussing the inherent problems with equal protection analysis in discretionary decision making through illustration of a police officer issuing traffic tickets). Simply put, Plaintiff's equal protection claim has been foreclosed by the Supreme Court and should be dismissed.

### III. COUNT VII (UNTITLED) SHOULD BE DISMISSED BECAUSE ILLINOIS LAW DOES NOT RECOGNIZE A TORT OF WILLFUL MISCONDUCT

In Count VII, untitled, Plaintiff alleges Officer Francis failed duties to secure Plaintiff's taxi and not act willfully, wantonly or maliciously and "willfully, wantonly and with utter disregard for the property rights of the Plaintiff left the taxi and its contents on the side of the road unsecured and refused to allow the ." (D.E. 1, ¶¶ 47-48). Count VII VII is essentially a claim for the tort of willful misconduct on the part of Officer Francis.

Under Illinois law, it is well established that there is no separate and independent tort of willful misconduct. *See Ziarko v. Soo Line R.R.*, 161 Ill. 2d 267, 641 N.E.2d 402, 406 (Ill. 1994)

("[t]here is no separate and independent tort of 'willful and wanton' misconduct") (citations omitted); *see also Sparks v. Sparks*, 367 Ill.App.3d 834, 856 N.E.2d 575, 578-79 (Ill. App. Ct. 2006) (1st Dist.) (holding no independent tort of willful and wanton misconduct). Because there is no cognizable willful misconduct cause of action under Illinois law, Count VII should be dismissed for failure to state a claim under Rule 12(b)(6).

## IV. ALL CLAIMS FOR PUNITIVE DAMAGES RELIEF MUST BE DISMISSED AND STRICKENT BECAUSE A PUNITIVE DAMAGES CLAIM DOES NOT SURVIVE THE DEATH OF A DEFENDANT

In each of his successive counts I – VII Plaintiff prays from punitive damages against Officer Francis. As spread of record, Officer Francis is deceased. While it appears the Illinois Supreme Court has not yet opined on whether a punitive damages claim survives the death of the tortfeasor, at least two Courts in this district have dismissed punitive damages claims against a deceased tortfeasor. In each case, the Court predicted that Illinois would follow the majority rule and hold that punitive damages cannot be imposed against the estate of deceased tortfeasors. *See Stafford v. Purofied Down Products Corp.*, 801 F. Supp. 130, 132 (N.D. Ill. 1992) (J. Norgle) (dismissing punitive damages claim against deceased tortfeasor predicting "that Illinois's high court would most likely follow the majority view and hold that punitive damages cannot be imposed against the estates of deceased tortfeasors."); *Ingram v. Hall Roach, Johnston, Fisher, Bollman*, No. 95 C 0550, 1995 WL 765331, *1, 5 (N.D. Ill. Dec. 27, 1995) (J. Holderman) (dismissing punitive damages claim upon finding that punitive damages claim does not survive the death of the tortfeasor), attached hereto as Exhibit A. The policy underscoring punitive damages (to punish a tortfeasor in order to deter conduct of a similar nature in the future) is plainly not served in this case. As such, the majority rule should be applied and all punitive damages claims should be dismissed from this case and stricken from the pleading.

**WHEREFORE**, Defendant, City of Chicago, respectfully requests the following relief:

- Dismiss Count III ("Violation of Property Rights") with prejudice;
- Dismiss Count IV ("Equal Protection") with prejudice;
- Dismiss Count VII (untitled) with prejudice;
- Dismiss All Claims for Punitive Damages with prejudice;
- Require Plaintiff to Submit an Amended Complaint reflecting the dismissal of the claims;
- Grant whatever other relief the Court deems just and proper.

DATED: August 6, 2008

Respectfully submitted,

City of Chicago

Mara S. Georges
Corporation Counsel

By: /s/ *Christopher A. Wallace*
　　　Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendant City of Chicago*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on August 6, 2008, I served a true and correct copy of Defendant City of Chicago's Motion to Dismiss Counts III, IV and VII of Plaintiff's Complaint and To Dismiss All Claims for Punitive Damages Against Individual Defendant Francis by filing the same before the Court via the ECF system.

/s/ Christopher Wallace
Christopher Wallace

7