UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | |
| BEHROUZ KHALILY | ) | |
|       Plaintiff | ) | |
|   V. | ) | Case No. 08 C 1515 |
| | ) | Judge Kendall |
| | ) | |
| CITY OF CHICAGO, et al | ) | |
|       Defendants | | |

### PLAINTIFF'S RESPONSE FOR MOTION TO DISMISS

Now comes the Plaintiff Behrouz Khalily, by and through his attorney Dennis Both and responding to the Defendants' Motion To Dismiss, states as follows.

### STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(60, all of the well pleaded facts are accepted as true and all reasonable inferences are drawn in the light most favorable to plaintiff. Wilczynski v. Lumbermens Mut. Cas. Co.,93 F3rd 397,401 (7th Cir 1996). Allegations in the complaint are to be construed liberally. Jones v.General Electric co., 87 F3rd 209, 211 (7th Cir. 1996) The motion should not be granted unless it appears beyond all doubt that plaintiff cannot prove any set of facts that would support his claim for relief. Conley v. Gibson, 355 U.S. 41,45-6 (1957)

### COUNT III

### PLAINTIFF HAS STATED A CLAIM FOR NEGLIGENCE

Illinois does recognize a cause of action for the tort of negligence. The elements of a negligence action are: Duty (Complaint Par. 47), breach of that duty (Complaint Par. 48), damages (Complaint Par. 48) and proximate cause (Complaint Par. 48).Young v. Allstate, 351 Ill. App. 3d 151 (2004). Wilfull and wanton misconduct is just a form of negligence and requires the same elements. See, Abrams v. City of Chicago, 211 Ill 2d. 251 (2004) The plaintiff has pleaded all of the elements of a negligence action based upon the gross negligence of the defendants and the defendants motion must be denied.

### COUNT IV

### THE PLAINTIFF HAS STATED A CLAIM FOR A CLASS OF ONE EQUAL PROTECTION VIOLATION

Since a class of one is likely to be the most vulnerable of all, the equal protection clause does not require the plaintiff to be a member of a class " if the power of the government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him, the individual ought to have a remedy in federal court." Esmail v. Macrane, 53 F. 3d. 176, 179-80 (7th Cir. 1995).

Absent a suspect class the plaintiff must demonstrate " governmental action wholly impossible to relate to legitimate governmental objectives." Forseth v. Village of Suffiex, 199 F3d 363, 371 (7th Cir. 2000).

Here the plaintiff has alleged that defendant Francis' motivation for stopping and arresting him was illegitimate animosity, that no legitimate governmental interest was served by the defendant's actions and the plaintiff was singled out from all other cab drivers for this abuse, and as a class of one the plaintiff is vulnerable to the whims of the defendant. No legitimate governmental function is served by harassment of the plaintiff. The defendants offer no suggestion for how stopping a driver without probable cause, using excess force to arrest him and failing to take care to insure that his property is not lost or converted, is in any way a legitimate exercise of the force and authority of the government.

All that is required is to plead facts which establish that the conduct of the government agent evidences a spiteful effort to " get " the plaintiff, unrelated to legitimate governmental objectives. Forseth, at 371.

The defendants' reliance on Enquist v. Oregon, 128 S. Ct. 2146 U.S. 2008) is misplaced. The present case does not involve public employment and the Enquist court recognizes a distinction between governmental actions that involve governing and those involving internal operations. Under no theory is it legitimate to harass law abiding citizens and arrest them without probable cause. There is no discretion here. Police officers are not exercising discretion by arresting people without grounds to do so. Again all of the elements of this action are present and properly pleaded requiring denial of the motion.

## THE PUNITIVE DAMAGE CLAIM SURVIVES

Rather than being guided by the defendants' speculation of what Illinois courts would do with the issue of punitive damages in a case where the defendant dies before verdict, the court should look to Illinois decisions themselves. In Penberthy v. Price, 281 Ill. App. 3d 16 (19960 the court traced the law on survival of actions and concluded that a claim for punitive damages survives the death of the tortfeasor. In Penberthy, the defendant drove while intoxicated and caused injury to the plaintiff. The court found that such conduct offends a strong and clear public policy. There is certainly a public policy that is just as strong and just as clear, which states that police officer should not abuse the power entrusted to them. In fact the potential for widespread abuse and injury is far greater in the context of rogue police than injury at the hands of a drunk driver.

Penberthy, also recognized that punitive damages deter conduct and here the potential for punitive damages against the estate of a rogue officer would certainly send a message to his fellow officers and act as a deterrent against this same conduct in others.

## COUNT III

## THE PLAINTIFF HAS STATED A CLAIM FOR VIOLATION OF HIS PROPERTY RIGHTS

The plaintiff has, as is allowed, pleaded in the alternative and brought a state law count for the loss or taking of his property. The defendants have also tried to dismiss this count (count VII). In order to avoid claim splitting or res judicata the plaintiff must bring all actions arising of the same incident together. At

this phase of the litigation the plaintiff does not know if Francis converted his property, left to be stolen or put it to some governmental use, and the plaintiff should be allowed to press forward with discovery to determine what happened to his property, or should be given the opportunity to amend if his allegations are insufficient, but should not be foreclosed from pursuing this claim as it cannot be said that it is beyond doubt that the plaintiff can prove any facts that would support a takings claim.

WHEREFORE, for the forgoing reasons plaintiff prays this Honorable Court deny the motion to dismiss.

    Respectfully submitted,

    BROWN, UDELLL & POMERANTA, LTD.

    By: /s/_____
        One of its attorneys

BROWN, UDELL & POMERANTZ,
1332 N. Halsted Street
Suite 100
Chicago, Illinois 60622
312.475.9900 (Office)
312.475.1188 (Fax)